# REESE RICHMAN LLP

August 18, 2014

**VIA CM/ECF**

| | |
|---|---|
| Honorable Dora L. Irizarry | Honorable Raymond J. Dearie |
| United States District Judge | United States District Judge |
| United States District Court | United States District Court |
|   for the Eastern District of New York |   for the Eastern District of New York |
| 225 Cadman Plaza East | 225 Cadman Plaza East |
| Brooklyn, New York  11201 | Brooklyn, New York  11201 |

     Re:    Notice of Potential Related Case Status Pursuant to Local Civil Rule 1.6 and Rule 50.3.1 of the Guidelines for the Division of Business among District Judges
*Cosio v. VitaQuest International, LLC*, No. 1:14-cv-04474-DLI-CLP (E.D.N.Y.)
*Mosely v. Vitalize Labs, LLC*, No. 1:13-cv-02470-RJD-RLM (E.D.N.Y.)

Honorable Judges Irizarry and Dearie:

     My firm represents J. Rafael Cosio, plaintiff in both of the above-referenced actions ("Plaintiff").  Pursuant to Local Civil Rule 1.6 and Rule 50.3.1 of the Guidelines for the Division of Business among District Judges, I submit this letter to notify the Court of Plaintiff's position that *Cosio v. VitaQuest International, LLC*, No. 1:14-cv-04474-DLI-CLP (E.D.N.Y.) is related to *Mosely v. Vitalize Labs, LLC*, No. 1:13-cv-02470-RJD-RLM (E.D.N.Y.).[1]  I have attached the operative Complaint in each action to this letter.

## I.    PARTIES AND CLAIMS IN *COSIO* AND *MOSELY*

     *Cosio* is a putative class action that Plaintiff filed against VitaQuest International, LLC ("VitaQuest"), and Garden State Nutritionals Inc. ("Garden State") concerning the marketing and labeling of several "EBOOST" products, namely, EBOOST Natural Orange, Natural Açaí Pomegranate, and Natural Pink Lemonade powder packets, EBOOST All-Natural Orange Flavor effervescent tablets, and EBOOST Natural Orange and Super Berry (or Superberry) liquid shots (collectively, the "Products").  Plaintiff alleges the Products claim to "boost" "immunity" through their labeling and marketing.  Plaintiff alleges this claim is false because evidence-based science, including a Harvard Medical School special health report, does not support it, since adding supplements to one's diet has not been shown to boost immunity at all.  Plaintiff seeks an injunction halting the allegedly deceptive marketing and damages incurred due to the allegedly illegal conduct.  Plaintiff alleges VitaQuest and Garden State were integrally involved in the decision to label the Products as providing a boost to one's immunity and were ultimately responsible for approval of the false and misleading immunity claims at issue.  In *Cosio*, Plaintiff brings claims on behalf of a nationwide class of consumers for: violation of New York General

---

[1] On June 26, 2014, former plaintiff Cedric Mosely voluntarily dismissed his claims from the *Vitalize Labs, LLC* action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  (No. 1:13-cv-02470-RJD-RLM, Doc. No. 18.)  Plaintiff Cosio's claims remain pending in the case.  (*Id.*)  In accordance with the case caption, we continue to refer to the action as "*Mosely*."

Business Law section 349 ("GBL 349"); negligent misrepresentation under New York common law; violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1 *et seq.* (the "NJCFA"); and negligent misrepresentation under New Jersey common law. Further, in *Cosio*, Plaintiff brings claims on behalf of a class of consumers residing in California for violation of: California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.* (the "CLRA"); the "unlawful," "unfair," and "fraudulent" prongs of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.* (the "UCL"); and misleading advertising and untrue advertising under California's False Advertising Law, Cal. Bus. & Prof. § 17500 *et seq.* (the "FAL"). The case is currently pending in this Court before the Honorable Dora L. Irizarry.

*Mosely* is a putative class action that Plaintiff filed against Vitalize Labs, LLC ("Vitalize") concerning the marketing and labeling of the same "EBOOST" Products at issue in *Cosio*. Plaintiff's alleged Product purchases at issue in *Cosio* are, in fact, the same alleged Product purchases at issue in *Mosely*. As in *Cosio*, in *Mosely*, Plaintiff alleges the Products claim to "boost" "immunity" through their labeling and marketing, and Plaintiff alleges this claim is false because evidence-based science, including a Harvard Medical School special health report, does not support it, since adding supplements to one's diet has not been shown to boost immunity at all. As in *Cosio*, in *Mosely*, Plaintiff seeks an injunction halting the allegedly deceptive marketing and damages incurred due to the allegedly illegal conduct. In *Mosely*, Plaintiff brings claims on behalf of a nationwide class of consumers, or, alternatively, a class of consumers residing in California, for violation of: the "unlawful," "unfair," and "fraudulent" prongs of the UCL; the FAL (misleading advertising and untrue advertising); the CLRA; and GBL 349 and for unjust enrichment under New York common law. The case is currently pending in this Court before the Honorable Raymond J. Dearie.

Plaintiff filed *Mosely* on April 23, 2013, and Vitalize answered on August 1, 2013 (No. 1:13-cv-02470-RJD-RLM, Doc. No. 5). The parties engaged in discovery, and Plaintiff moved to compel responses to his requests for production of documents and interrogatories and for sanctions on December 18, 2013, since Vitalize had not responded to any of his discovery requests. (*Id.*, Doc No. 9.) On December 19, 2013, the Court granted the motion insofar as Plaintiff sought to compel responses to the discovery requests. (*Id.*, Doc. No. 10.) Plaintiff conducted a deposition of Vitalize pursuant to Federal Rule of Civil Procedure 30(b)(6) on May 28, 2014, after which Plaintiff's counsel, after also conducting additional research, concluded for the first time that VitaQuest and Garden State are responsible for the conduct at issue in *Mosely*. The parties have also pursued settlement of the case. (*See, e.g.*, *id.*, Doc. No. 7.) A settlement conference before Magistrate Judge Roanne L. Mann is scheduled for September 9, 2014, at 2:00 p.m. (*Id.*, Doc. No. 23.) Given the significant connections between *Cosio* and *Mosely*, Plaintiff believes it could facilitate resolution of both actions for representatives of all parties to both cases to be present at the September 9 settlement conference before the Court.

II.   **RELATEDNESS OF *COSIO* AND *MOSELY* UNDER RULE 50.3.1**

Rule 50.3.1(a) provides that a civil case is "related" to another civil case "when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Here, *Cosio* and *Mosely* arise from the same transactions or events because they both arise from the exact same alleged purchases of the same Products,

based on the same allegedly false representations. For these reasons, the cases are also based on the same or virtually identical alleged facts. While *Cosio* and *Mosely* involve different defendants, the same Plaintiff filed both cases and the same counsel represent him in both. In both cases, Plaintiff alleges the same theories of harm, based on allegations that the same representations are deceptive for the same reasons. Both Complaints also present very similar causes of action; the only differences are that *Cosio* brings claims under the NJCFA and for negligent misrepresentation under New York and New Jersey common law, while *Mosely* brings a claim for unjust enrichment under New York common law. The class structures are also very similar, with both actions proposing certification of nationwide and California-wide classes.

Consolidation of *Cosio* and *Mosely* will result in "a substantial saving of judicial resources," as allowing the cases to proceed separately creates a significant risk of inconsistent adjudications of common factual and legal issues and will substantially increase the burden on the parties, the witnesses, and available judicial resources. The relative expense to all concerned of the multiple-trial option here is considerably greater than the single-trial option, as the evidence presented at trial in *Cosio* and *Mosely* will be virtually entirely duplicative. Further, consolidation presents no risk of prejudice to any party, as the Court may take measures to mitigate any such risk, and the consolidated actions will not be a single case. Indeed:

> [T]he "risk of confusion or prejudice [is] avoided in [a] consolidated action where [a] district court use[s] 'intelligent management devices' such as thought[ful] verdict forms and cautionary and limiting instructions." . . . In addition, importantly, "consolidation here will not prejudice" the Defendants' rights, because "[c]onsolidation 'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.' "

*Delre v. Perry*, 288 F.R.D. 241, 247 (E.D.N.Y. 2012) (citations omitted).

### III.   DISCUSSIONS BETWEEN THE PARTIES PURSUANT TO RULE 50.3.1(d)

Pursuant to Rule 50.3.1(d), the undersigned has conferred in good faith with opposing counsel in both actions in an effort to reach an agreement on whether *Cosio* and *Mosely* are "related." On August 7, 2014, counsel for VitaQuest and Garden State sent Plaintiff's counsel an email stating they agree that *Cosio* and *Mosely* are "related" for purposes of Rule 50.3.1. Counsel for Vitalize have taken the position that the cases are not "related" under the Rule.[2]

Respectfully submitted,

*George Granade*

George V. Granade

Cc:   All counsel of record

---

[2] Counsel for Vitalize also informed us that counsel for VitaQuest and Garden State have subsequently changed their position. We reached out to counsel for VitaQuest and Garden State, but they were unable either to confirm or to deny that their position had changed.